**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CATHERINE EPLING,

          Plaintiff,

v.                                CIVIL ACTION NO. 3:05-1196

DOLGENCORP, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

On September 1, 2005, the plaintiff filed a three count complaint in the Circuit Court of Wayne County, West Virginia alleging a violation of the West Virginia Human Rights Act (WVHRA), negligence and vicarious liability, and tortious interference with contract rights. The defendant, Dolgencorp, Inc. (Dolgencorp or the defendant), removed the case to this Court on December 30, 2005, on the basis of federal question jurisdiction. Specifically, Dolgencorp contends that Count III of the plaintiff's complaint is preempted by the Employee Retirement Income Security Act (ERISA). The defendant bears the burden of establishing this Court's jurisdiction upon removal and the Court, in an Order dated January 4, 2006, ordered the defendant to file a memorandum of law in support of its contention that the plaintiff's claim is preempted by ERISA, thus establishing this Court's jurisdiction. The defendant filed its memorandum in support of preemption on January 17, 2006. After considering the defendant's memorandum, the allegations contained in the complaint and relevant case law the Court finds that the plaintiff's claims are preempted, giving this Court jurisdiction to hear the case.

**I.     ERISA Preemption**

Pursuant to 28 U.S.C. § 1441(b), a civil action is removable to a district court, without regard to the diversity of the parties, if the action is one in which the federal court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States[.]" 28 U.S.C. § 1441(b). When a case is removed from state court, the removing party bears the burden of establishing federal jurisdiction, and this Court must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chemcials Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). If federal jurisdiction is in doubt, the district court must remand the action back to the state court. *Id.* (citations omitted).

In this case, the defendant asserts original jurisdiction exists because the plaintiff's claims arise, in whole or in part, under ERISA. However, in order for such federal question jurisdiction to exist for removal purposes, one or more of the plaintiff's claims must fall within ERISA's enforcement provision, § 502(a). Section 502(a) of ERISA allows a participant or beneficiary to bring an action to recover benefits under an employment benefit plan. *See* 29 U.S.C. § 1132(a). "Causes of action that fall within the scope of the civil enforcement provisions of § 502(a) are completely preempted and thus can be removed to federal court." *Smith v. Logan*, 363 F.Supp.2d 804, 808 (E.D.Va. 2004) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004)).

Section 502(a)(1)(B) specifically provides: "A civil action may be brought (1) by a participant or beneficiary-...(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that a state law claim will be completely preempted by § 502(a)(1)(B) "if an individual, at some point in time, could have brought

his claim under ERISA §502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health, Inc. v. Davila*, 542 U.S. at 210. The Fourth Circuit has further clarified the test for complete preemption under ERISA. Under the Fourth Circuit's articulation, "for complete preemption under § 502(a), the plaintiff must have (1) standing, (2) the claim must fall within the scope of an ERISA provision that can be enforced through § 502(a), and (3) the claim must not be capable of resolution without interpretation of the contract governed by federal law. *Smith v. Logan*, 363 F.Supp.2d at 809.

**II.     Analysis**

In Count III of her complaint, the plaintiff claims tortious interference with a contract right. She states that in her position with the defendant she received "certain benefits such as medical and disability insurance." She further states that as a result of her termination she has had to be placed on prescription medication for depression and anxiety. The plaintiff maintains that she "is having difficulty in obtaining similar health and disability insurance due to the wrongful termination by the Defendant Dolgencorp, Inc." and that the "actions of the defendants constitute tortious interference with contract rights to insurance." Applying the Fourth Circuit's three part test, the plaintiff's claims are preempted.

First, because the plaintiff, while employed by the defendant, was a participant in an employee benefit plan governed by ERISA, she would have standing to bring a claim pursuant to § 502. In regards to the second prong of the Fourth Circuit's test, the plaintiff' claim in Count III is capable of enforcement through § 502. The Court interprets Count III of the plaintiff's complaint to seek to recovery of insurance benefits (or the monetary equivalent to those benefits) that she

would have had under the plan had the defendant illegally terminated her employment. Therefore, the plaintiff's claim can be interpreted as seeking a benefit under §502(a)(1)(B) and thus her claim would be capable of being enforced through § 502. *See Smith v. Logan*, 363 F.Supp.2d at 810. Finally, the plaintiff's claims are not capable of resolution without interpretation of a benefit plan governed by ERISA. Under West Virginia law, to maintain an claim for tortious interference, a plaintiff must be able to show: "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *C.W. Development, Inc. v. Structures, Inc. of West Virginia*, 408 S.E.2d 41, 44 (W.Va. 1991). In order for the plaintiff to succeed in her claim for tortious interference with a contract right, she would have to show the existence of a contractual relationship and that the defendants' actions interfered with her expectations under that contract. Such a showing would require interpretation of the plaintiff's insurance contract, satisfying the final element of the Fourth Circuit's test for ERISA complete preemption. Therefore, Count III of the plaintiff's complaint is completely preempted by §502. *See Smith v. Logan*, 363 F.Supp.2d 804 (E.D.Va. 2004) (applying the Fourth Circuit's test for complete preemption under § 502(a) the court found plaintiff's tortious interference claim was completely preempted by ERISA).

Additionally, the Court finds that the because plaintiff's remaining claims " are so related to [Count III]...that they form part of the same case or controversy," this Court will exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).

The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 10, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE